**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00886-REB

BRILLIANT OPTICAL SOLUTIONS, LLC,

      Plaintiff,

vs.

COMCAST CORPORATION,

      Defendant.

---

### ORDER RE: MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

---

**Blackburn, J.**

      This matter is before the court on **Defendant Comcast Cable Communication, LLC's [Corrected] [#48] Motion To Declare Case Exceptional and Award Attorneys' Fees and Request for Hearing With Supporting Declaration and Exhibits [## 49, 49-1, to 49-12, 50, 50-1 to 50-10 and 58]** [#67 - Level 1 restriction, #68 - public entry, #71 redacted version][1] filed May 16, 2014.  The plaintiff filed a response [#78 - Level 1 restriction], and the defendant filed a reply [#109 - Level 1 restriction, #112 - public entry for #109].  The parties both filed notices of supplemental authority [#120 & #122] and the plaintiff filed a response [#121] to the notice filed by the defendant.  I grant the motion in part and deny it in part.

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

# I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patent infringement).

# II.  BACKGROUND

Defendant Comcast Corporation is the largest cable operator in the United States.  It offers video, voice, and data services to subscribers in 39 states and the District of Columbia.  Comcast offers a product known as the Business Class Network, which provides high speed network services.  The Business Class Network transmits data using various devices.[2]

Plaintiff Brilliant Optical Solutions, LLC (BOS) is a limited liability company, formed less than two months before it filed this lawsuit against Comcast.  BOS is wholly owned by Acacia Research Group, which is wholly owned by Acacia Research Corp.  BOS has no employees, no physical offices of its own, and no assets other than the patent at issue in this litigation, the '478 patent.

On April 5, 2013, BOS filed this case against Comcast alleging that Comcast infringes the '478 patent by operating the Business Class Network and possibly in other ways.  Ultimately, the claims of BOS focused on the use by Comcast of certain devices made by three different manufacturers.  BOS alleged that the use of those devices as part of the network of Comcast infringes the '478 patent.  Comcast defended with the

---

[2]  The motion, response, reply, and exhibits addressed in this order were filed under Level 1 restriction, *see* D.C.COLO.LCivR 7.2(b).  Comcast filed a redacted version of its motion [#71].  Comparing that version of the motion [#71] with the non-redacted version [#67], it is apparent that the parties intend to keep confidential the nature and terms of various documents at issue in the motion, often including the parties named in those documents.  To preserve that confidentiality as much as possible, I describe the relevant facts and documents at a very high level of generality.  However, I have reviewed in detail the relevant documents, the arguments of the parties, and the applicable law.

assertion that it had valid licenses to use the '478 patent.  Two somewhat complicated

agreements are the basis for this defense.  On March 31, 2014, after analyzing the

agreements, counsel for Comcast sent a letter to BOS describing in detail the bases for

the license defense.  On April 16, 2014, BOS filed an unopposed motion [#43] to

dismiss this case with prejudice, which motion was granted. *See Order of Dismissal*

[#44] filed April 16, 2014.

On March 31, 2014, shortly before BOS moved to dismiss this case, Comcast

wrote to BOS saying Comcast soon would initiate a petition for inter partes review with

the U.S. Patent and Trademark office (the IPR Petition).  According to BOS, Comcast

said it would challenge the validity of the '478 patent in the IPR Petition.  BOS says it

understood that the IPR process would take 12 to 18 months, would cost BOS 500,000

dollars in attorney fees and other costs, and likely would cause a stay of this case.

Given these realities, BOS says it moved to dismiss this case on April 16, 2014.  The

implication is that BOS did not move to dismiss this case because it was convinced

Comcast had valid licenses which were a complete defense to the infringement claim of

BOS.

In its motion, Comcast seeks an award of attorney fees against BOS under 35

U.S.C. § 285.   Comcast contends this case is exceptional and that an award of fees is

justified because the claims of BOS were objectively baseless, BOS brought this case in

subjective bad faith, BOS engaged in material misconduct by delaying discovery, and

the parent of BOS, Acacia, has an ongoing pattern of bringing meritless suits against

Comcast.  In response, BOS contends it had an objectively reasonable basis for

bringing this suit, it did not act in bad faith, and it did not unreasonably delay discovery. In addition, BOS contends that the conduct of its parent, Acacia, may not be imputed to BOS, an independent entity.

## III.  STANDARD OF REVIEW

Title 35 U.S.C. § 285, which applies only in patent cases, provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  In two recent cases, the Supreme Court of the United States defined the standards applicable to a motion for attorney fees under § 285.  *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, ___ U.S. ___, 134 S.Ct. 1744 (2014); *Octane Fitness, LLC v. Icon Health & Fitness, Inc*., ___ U.S. ___, 134 S.Ct. 1749, 1756 (2014).  In *Octane Fitness*, the Court provided a broad definition of an "exceptional" case, holding that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

*Octane Fitness*, ___ U.S. at ___, 134 S.Ct. at 1756.  The Court explained further that fee-shifting is warranted when "a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees."  *Id.* at 1757.  Either subjective bad faith or objectively baseless claims alone may warrant fee-shifting under § 285.  *Id*.  The Court noted a non-exclusive list of factors to consider including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id*. at 1756 n. 6.

The Court rejected the application of a clear-and-convincing standard of proof to

establish an exceptional case.  "(N)othing in § 285 justifies such a high standard of

proof. Section 285 demands a simple discretionary inquiry; it imposes no specific

evidentiary burden, much less such a high one. Indeed, patent-infringement litigation

has always been governed by a preponderance of the evidence standard . . . ."

*Id*. at 1758.

### IV.  ANALYSIS

#### A.  Exceptional Conduct

The license defense of Comcast is based on two different agreements.  Both of

those agreements are filed in this case under Level 1 restriction. [#49-6 & #49-9].  A

related document, also filed under Level 1 restriction, is of record at [#49-8].  The first

agreement [#49-6] was in effect when BOS filed this case.  That agreement [#49-6]

constitutes a license for Comcast to use devices made by one of the manufacturers at

issue in this case.  The second agreement [#49-9] became effective on September 30,

2013.  That agreement constitutes a license for Comcast to use devices made by all

three of the manufacturers at issue in this case.  Addressing the terms of these

agreements, BOS argues that these licenses are not applicable to the devices used by

Comcast.

I have reviewed carefully the agreements and the competing papers and

arguments of Comcast and BOS, including the numerous exhibits filed by the parties.  I

find and conclude that the arguments of BOS do not vitiate the clear terms of the

agreements.  I conclude that there is little, if any, reasonable room for debate about the

applicability of the agreements, as licenses, to the devices at issue in this case.  I

approve, adopt, and incorporate the arguments advanced and the authorities cited by Comcast concerning the applicability of the agreements to the devices at issue in this case, as expressed in its motion [#67 - Level 1 restriction] and reply [#109 - Level 1 restriction].  As noted above, I do not elaborate further to preserve, insofar as possible, the confidentiality both parties seek to maintain concerning the details of their business.

Given the clear ground-rules established in the first agreement [#49-6], I find and conclude that the portion of the patent infringement claim of BOS which implicates the device or devices addressed in that agreement was objectively unreasonable when this case was filed.  The operative agreement was in effect when this case was filed.  A careful reading of that agreement demonstrates that Comcast had a license to use the covered device or devices in the manner at issue here.  Such a license is a complete defense to a claim of infringement of the '478 patent.  Prosecution of an infringement claim in the face of such a license is objectively unreasonable.

As noted, this case was filed April 5, 2013.  Just short of six months later, on September 30, 2013, the second agreement [#49-9] became effective.  Given the clear ground-rules established in the second agreement [#49-9], I find and conclude that the portion of the patent infringement claim of BOS which implicates the devices addressed in the second agreement [#49-9] was objectively unreasonable as of September 30, 2013.  A careful reading of that agreement demonstrates that Comcast had a license to use the covered devices in the manner at issue here.  Such a license is a complete defense to a claim of infringement of the '478 patent.  Continued prosecution of an infringement claim after such a license was in place was objectively unreasonable.

Given these circumstances, I find and conclude that the prosecution by BOS of its patent infringement claim in this case constituted objectively unreasonable conduct that is sufficiently exceptional to justify an award of attorney fees under § 285.  Comcast has proven such objectively unreasonable conduct by a preponderance of the evidence.  Given this finding, I need not and do not address the other bases asserted by Comcast for an award of attorney fees and costs under § 285.

### B.  Reasonable Attorney Fees & Costs

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable.  *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992).  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

There is a strong presumption that the lodestar fee represents a reasonable fee for purposes of fee-shifting statutes.  *Homeward Bound, Inc. v. Hissom Memorial Center*, 963 F.2d 1352, 1355 (10th Cir. 1992).  However, in determining reasonable attorney fee awards, the court may adjust the lodestar amount based on the factors

7

articulated by the United States Court of Appeals for the Fifth Circuit in *Johnson v.*

*Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to the extent those

factors are relevant. *See, e.g., Gudenkauf v. Stauffer Communications, Inc.*, 158

F.3d 1074, 1083 (10th Cir. 1998). These factors may include the degree of success

achieved, the amount in controversy, the length of time required to represent the client

effectively, the undesirability of the case, the complexity of the case, the value of the

legal services to the client, the customary fee for similar work, awards in similar cases,

the fee agreement between the client and the attorney, and whether the fee is fixed or

contingent. *Johnson*, 488 F.2d at 717 - 719.

Comcast seeks to an award of 719,984 dollars in attorney fees and 18,992

dollars in costs. This is all of the attorney fees and costs incurred by Comcast in

defending this case. I have reviewed the billing records [#49-3 - Level 1 restriction] of

counsel for Comcast as well as the other exhibits filed by Comcast in support of its

motion [#49 to #49-12 - Level 1 restriction]. In addition, I have reviewed the response

[#78 - Level 1 restriction] of BOS and the declaration of Aaron Bradford [#80 - Level 1

restriction] filed by BOS. Mr. Bradford is an experienced patent law trial attorney who

expresses his opinions concerning this case and whether the fees claimed by Comcast

are reasonable.

Although BOS raises a modest challenge to the reasonableness of the hourly

rates charged by counsel for Comcast, I find and conclude that those hourly rates are

reasonable considering the nature of this case and the experience of counsel and their

staff. In calculating a reasonable fee, I use the blended hourly rate of 367 dollars

adopted by Mr. Bradford.

I agree with Mr. Bradford that certain items must be excluded to determine reasonable attorney fees.  Those items include: (1) 13,212 dollars for a motion to change venue that never was filed; (2) 43,400 dollars of billing for bi-weekly status updates; (3) 143,000 of fees charged for preparation for *Markman* proceedings; and (4) 58,793 dollars in fees charged to prepare a petition for inter partes review.  The total of these excludable items is 258,405 dollars.  I conclude that Comcast has not shown that these fees were reasonably necessary for the defense of this case.  For example, certainly it is reasonable for counsel to bill for updates of the client, but the necessity of the frequent bi-weekly status updates in this case has not been demonstrated.  With these deductions, the gross lodestar amount becomes 461,579 dollars.[3]

A further deduction is necessary because the second agreement [#49-9] became effective on September 30, 2013, about six months after this case was filed.  Only with that agreement did it become objectively unreasonable for BOS to pursue infringement claims against Comcast based on the devices covered by the second agreement. Nothing in the record demonstrates that pursuit of the infringement claim based on those devices was objectively unreasonable before September 30, 2013.  Contrastingly, the other aspect of the infringement claim, which aspect was covered by the first agreement, was objectively unreasonable when the case was filed.  Conceptually, the infringement claim may be separated this way, but, as a matter of reasonable attorney

---

[3]   The calculations in this order are not an absolutely precise measure of the reasonable attorney fees incurred by Comcast.  However, those calculations represent a reasonable measure of such fees.  In my determination of reasonable attorney fees, I have resolved any doubt or uncertainty in favor of BOS.

fees, it is unnecessary to allocate fees between these two aspects of the infringement claim.

The deductions and concomitant reductions identified above represent approximately 36 percent of the total attorney fees claimed by Comcast.  Thus, in my calculations below, I apply a 36 percent reduction to achieve a reasonable measure of attorney fees.

As calculated by Mr. Bradford, counsel for Comcast billed a total of 164,930 dollars prior to September 30, 2013.  Thus, I deduct 36 percent (59,375 dollars) from that gross amount, leaving fees totaling 105,555 dollars.  However, prior to September 30, 2013, part of the infringement claim of BOS was objectively unreasonable and part was objectively reasonable.  Given this bifurcation, I award Comcast 50 percent of the reasonable attorney fees incurred prior to September 30, 2013, or 52,778 dollars.

After September 30, 2013, when both agreements were in effect, Comcast had a complete license defense to the infringement claim of BOS; thus, the continued prosecution of its infringement claim was objectively unreasonable *in toto*.  In the relevant period after September 30, 2013, counsel for Comcast billed 1,508.3 hours.  At the blended hourly rate of 367 dollars, 1,508.3 hours generated fees of 553,546 dollars.  Reducing 553,546 dollars by 36 percent, yields reasonable attorney fees for the post-September 30, 2013, period of 354,269 dollars.

Comcast also seeks an award of costs of 18,992 dollars.  BOS does not challenge this figure as unreasonable.  On the relevant record, I find and conclude that an award of costs of 18,992 dollars is reasonable and warranted.

## V.  CONCLUSION & ORDERS

Given the evidence in the record and the circumstances of this case, I find and conclude by a preponderance of the evidence that the pursuit by BOS of its patent infringement claim in this case constituted unreasonable conduct that is sufficiently exceptional to warrant an award of attorney fees under § 285.  Given the calculations described above, I award Comcast reasonable attorney fees of 407,047 dollars and costs of 18,992 dollars.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant Comcast Cable Communication, LLC's [Corrected] [#48] Motion To Declare Case Exceptional and Award Attorneys' Fees and Request for Hearing With Supporting Declaration and Exhibits [## 49, 49-1, to 49-12, 50, 50-1 to 50-10 and 58]** [#67 - Level 1 restriction, #68 - public entry, #71 redacted version] filed May 16, 2014, is granted in part;

2.  That under 35 U.S.C. § 285, defendant Comcast Corporation is awarded reasonable attorney fees in the amount of 407,047 dollars;

3.  That under 35 U.S.C. § 285, defendant Comcast Corporation is awarded reasonable costs in the amount of 18,992 dollars;

4.  That on or before April 24, 2015, plaintiff Brilliant Optical Solutions, LLC shall pay these amounts to defendant Comcast Corporation;

5.  That otherwise, **Defendant Comcast Cable Communication, LLC's [Corrected] [#48] Motion To Declare Case Exceptional and Award Attorneys' Fees and Request for Hearing With Supporting Declaration and Exhibits [## 49, 49-1, to**

11

**49-12, 50, 50-1 to 50-10 and 58]** [#67 - level 1 restriction, #68 - public entry, #71

redacted version] filed May 16, 2014, is denied; and

6.  That judgment shall enter in favor of the defendant, Comcast Corporation,

against the plaintiff, Brilliant Optical Solutions, LLC, in the amount of 426,039 dollars,

reflecting the total of attorney fees and costs awarded in this order.

Dated March 27, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge