**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| BRILLIANT OPTICAL SOLUTIONS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 1:13-cv-00886-REB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ACACIA RESEARCH CORPORATION AND ACACIA RESEARCH GROUP, LLC'S UNOPPOSED MOTION TO INTERVENE TO OPPOSE CELLTRACE COMMUNICATIONS LTD.'S MOTION TO UNSEAL JUDICIAL RECORDS

Non-parties Acacia Research Corporation and Acacia Research Group, LLC (collectively "Acacia") hereby submit this Unopposed Motion to Intervene to Oppose Celltrace Communications Ltd.'s ("Celltrace") Motion To Unseal Judicial Records.

**D.C. COLO. LCivR 7.1(a) Compliance.** Pursuant to D.C. COLO. LCivR 7.1(a), the undersigned certifies that counsel for Brilliant Optical Solutions LLC ("Plaintiff"), Robert Brunelli, counsel for Comcast Cable Communications, LLC, Mary Sooter; and counsel for Celltrace, Matthew Zorn, have all indicated that their respective clients who will not oppose the present Motion.

### I.   INTRODUCTION

Non-party Celltrace has filed a Motion to Intervene and Unseal Judicial Records (the "Celltrace Motion") in this Action. (Dkt. No. 145.) Several of the documents implicated in the Celltrace Motion are confidential business agreements to which Acacia and its subsidiaries are parties along with other non-parties to this action. (*See id.*; *see*

-1-

LITIOC/2181153v1/101022-0125

*also* Dkt. No. 49, Exs. L, N, O.) Acacia seeks to intervene in this action in order to oppose Celltrace's Motion. Acacia requests that the Court grant this Motion to Intervene for the reasons set forth herein.

## II.   ARGUMENT

### A.   Legal Standards

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), Acacia must satisfy four requirements: (1) the motion must be "timely"; (2) Acacia must have "an interest relating to the property or transaction that is the subject of the action"; (3) Acacia must be "so situated that disposing of the action may as a practical matter impair or impede [Acacia's] ability to protect its interest"; and (4) Acacia must show that no existing party "adequately represent[s]" its interests. F.R.C.P. 24(a)(2); *see Coal. of Arizona/New Mexico Ctys for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996). The Tenth Circuit follows "a somewhat liberal line in allowing intervention," and Acacia meets each of the four requirements for intervention of right. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

### B.   This Motion Is Timely

The Celltrace Motion was filed on March 23, 2018. The present Motion is being filed contemporaneously with Acacia's Opposition to the Celltrace's Motion (the "Opposition") and within 21 days of the filing of the Celltrace Motion. This Motion is, therefore, timely.

### C.   Acacia Has An Interest In Protecting The Documents At Issue

Acacia satisfies the interest requirement for intervention if the interest is "direct, substantial, and legally protectable." *Coal. of Arizona/New Mexico Ctys for Stable Econ.*

*Growth*, 100 F.3d at 840. As demonstrated in Acacia's Opposition, Acacia has an interest in protecting its confidential documents. (Opp., § III.A.2.)

### D. Disposition Of Celltrace's Motion Will Impair Or Impede Acacia's Ability To Protect Its Interest

In evaluating interventions under F.R.C.P. 24(a), the Tenth Circuit provides that "the question of impairment is not separate from the question of existence of an interest." *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978). The Court's inquiry is not limited to purely legal impairments; instead, F.R.C.P. 24(a) "refers to impairment 'as a practical matter.'" *Id.* In addition, "[t]o satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Clinton*, 255 F.3d at 1250. Acacia has met this burden, as demonstrated in its Opposition. (Opp., § III.A.2.) Acacia will be harmed if its confidential documents at issue are publicly disclosed. (*Id.*)

### E. There Is No Other Party That Will Protect Acacia's Interests

The applicant bears the burden of showing inadequate representation and satisfying the fourth requirement of the F.R.C.P. 24(a) standard. The "burden is the minimal one of showing that representation 'may' be inadequate" and "[t]he possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." *Clinton*, 255 F.3d at 1254 (citing *Sanguine, Ltd., 736 F.2d at 1419* and *Natural Res. Def. Council*, 578 F.2d at 1346). Here, there is no party to the action that has an interest in protecting the confidential status of Acacia's confidential documents. As set forth in Acacia's Opposition, two of the agreements that

Celltrace seeks to unseal are agreements between Acacia and third parties Cisco Systems, Inc. and RPX Corporation ("RPX"). (Opp., § III.A.2.) Although Plaintiff is also a party to a third agreement with RPX, Plaintiff is not a party to the two Acacia agreements and therefore cannot make the requisite showing of good cause to maintain the agreements under seal.

### III.   CONCLUSION

For the foregoing reasons, Acacia respectfully requests that the present Motion to Intervene be granted so that it may respond in opposition to the Celltrace Motion to Intervene.

DATED:  April 13, 2018                By: s/ Benjamin B. Lieb
                                                Benjamin B. Lieb
                                                TALUS LAW GROUP LLC
                                                2816 South Adams Street
                                                Denver, Colorado 80210
                                                (303) 246-4767
                                                ben@taluslaw.com

                                                Marc J. Schneider (CA Bar No. 214609)
                                                Email:  MSchneider@SYCR.com
                                                Travis P. Brennan (CA Bar No. 238119)
                                                Email: TBrennan@SYCR.com
                                                STRADLING YOCCA CARLSON &
                                                RAUTH, P.C.
                                                  660 Newport Center Dr., Ste 1600
                                                Newport Beach, CA 92660-6422
                                                Telephone: (949) 725-4271
                                                Facsimile: (949) 823-5271

                                                ATTORNEYS FOR INTERVENORS
                                                ACACIA RESEARCH CORPORATION
                                                AND ACACIA RESEARCH GROUP

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2018, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ Benjamin B. Lieb

Benjamin B. Lieb

LITIOC/2181153v1/101022-0125