## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

BRILLIANT OPTICAL SOLUTIONS LLC,  )
                                   )
              Plaintiff,           )
                                   )
v.                                 )    Civil Action No. 1:13-CV-00886
                                   )
COMCAST CABLE                      )
COMMUNICATIONS, LLC,               )
                                   )
              Defendant.           )
                                   )

## COMPLAINT IN INTERVENTION

Intervenor Celltrace Communications Ltd., on behalf of itself, by way of this Complaint in Intervention against the above-captioned parties, states and alleges as follows:

## THE PARTIES

1.      Plaintiff Brilliant Optical Solutions is a Texas company which maintains its principal place of business at 1701 Directors Blvd., Suite 300, Austin, TX 78744.

2.      Defendant Comcast is a Pennsylvania corporation having its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd, Philadelphia, PA 19103-2838.

3.      Intervenor Celltrace Communications Limited is a company registered in England with an office at Poplars Farm, Crouch Lane, Winkfield, Berkshire, England SL4 4TL.

## JURISDICTION

4.      This court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

## STATEMENT OF FACTS

5.      Intervenor is arbitrating a dispute against Acacia. *See generally Celltrace Commc'ns Ltd. v. Acacia Research Corp.*, No. 15-CV-4746 (AJN), 2016 WL 3407848 (S.D.N.Y. June 16, 2016).

6.      On May 7, 2014, Comcast moved this Court for Attorney Fees. In short, Comcast argued that this lawsuit was meritless from the start because two licenses—the Cisco Agreement and RPX License—provided Comcast with a complete defense. (Dkt. No. 59.)

7.      During the briefing, the parties averred that the Cisco Agreement and RPX License (and information relating thereto) giving rise to Comcast's fee motion should be filed under seal. (*E.g.*, Dkt. Nos. 57, 62.)    The parties averred that these licenses were highly confidential sensitive business information. For example, one justification offered is that "some companies believe that entering into license agreements with patent-licensing entities increases the chance the licensee will be sued again by other PEs trying to extract similar settlements" or that "a company's willingness to take licenses and pay license fees may make the company a target for patent infringement suits filed by its competitors." (Dkt. No. 62 at 7.)

8.      On March 27, 2015, the Court granted-in-part Comcast's Motion for Attorney Fees and remarked that (Dkt. No. 125):

> The motion, response, reply, and exhibits addressed in this order were filed under Level 1 restriction, see D.C.COLO.LCivR 7.2(b). Comcast filed a redacted version of its motion [#71]. Comparing that version of the motion [#71] with the non-redacted version [#67], it is apparent that the parties intend to keep confidential the nature and terms of various documents at issue in the motion, often including the parties named in those documents. To preserve that confidentiality as much as possible, I describe the relevant facts and documents at a very high level of generality. However, I have reviewed in detail the relevant documents, the arguments of the parties, and the applicable law.

## COUNT I

### (Violation of Common Law and First Amendment Right of Access)

9.      Intervenor incorporates all previous paragraph by reference and the entirety of its Motion to Intervene to Unseal Records as fully set forth herein.

10.      Federal court records are presumptively open and available to the public.

11.    The public (including Intervenor) has a first amendment and common law right to inspect records filed with this Court, absent good cause or compelling reasons to prevent public access to those records.

12.    The records in this case should be available to the public.

13.    The public interest favors unsealing the records in this case.

14.    By submitting the records in this case under seal, the First Amendment and common law right to access judicial records and information submitted to this Court have been violated by the parties.

**PRAYER FOR RELIEF**

Intervenor incorporates by reference each of the preceding paragraphs as if fully set forth herein and respectfully asks the Court to:

a.    Order that all records in this case relating to the Cisco Agreement and RPX License be unsealed.

b.    In the alternative, order that public-redacted copies of each filing made under seal, each redacted only so to the minimal extent necessary.

Dated:  March 23, 2018

Respectfully submitted,

*/s/ Matthew C. Zorn*

Collin J. Cox (*admission pending*)
Matthew C. Zorn
YETTER COLEMAN LLP
811 Main, Suite 4100
Houston, Texas 77002
(713) 632-8000
E-mail: ccox@yettercoleman.com
mzorn@yettercoleman.com

Attorneys for Proposed Intervenor Celltrace Communications Ltd.