**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

BRILLIANT OPTICAL SOLUTIONS LLC, )
)
)
Plaintiff, )
)     Civil Action No. 1:13-cv-00886-REB
vs. )
)
COMCAST CABLE )
COMMUNICATIONS, LLC, )
)
)
Defendant. )
)

**INTERVENORS ACACIA RESEARCH CORPORATION AND ACACIA RESEARCH
GROUP LLC'S ANSWER TO INTERVENOR CELLTRACE COMMUNICATIONS
LTD.'S COMPLAINT IN INTERVENTION**

Intervenors Acacia Research Corporation and Acacia Research Group, LLC

(collectively, "Acacia") submit their Answer to Intervenor Celltrace Communications

Ltd.'s ("Celltrace") Complaint in Intervention (the "Complaint").  Celltrace and Acacia are

referred to collectively herein as the "Intervenors."

**THE PARTIES**

1.  Acacia admits that Brilliant Optical Solutions, LLC is a Texas limited liability

company.  Acacia otherwise denies each allegation in Paragraph 1 of the

Complaint.

2.  Acacia is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 of the Complaint, and therefore denies

each such allegation.

3.  Acacia is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3 of the Complaint, and therefore denies

each such allegation.

1

## JURISDICTION

4. Paragraph 4 contains a legal conclusion for which no response is required. To the extent a response is needed, Acacia admits this Court has subject matter jurisdiction under 28 U.S.C. § 1367(a).

## STATEMENT OF FACTS

5. Acacia admits that the Intervenors are involved in an arbitration in which the evidentiary record closed on February 13, 2019 after an eight-day evidentiary hearing. Acacia otherwise denies the allegations in Paragraph 5 of the Complaint.

6. Acacia admits that Comcast moved this Court for Attorney Fees. Acacia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and therefore denies each such allegation.

7. Acacia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies each such allegation.

8. Acacia admits the allegations in Paragraph 8 of the Complaint.

## COUNT I

### (Violation of Common Law and First Amendment Right of Access)

9. Paragraph 9 contains a statement for which no response is required. Acacia incorporates the foregoing paragraphs of its Answer as though fully set forth herein.

10. Paragraph 10 contains a legal conclusion for which no response is required. To the extent a response is needed, Acacia admits the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 contains a legal conclusion for which no response is required. To the extent a response is needed, Acacia denies the allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 contains a legal conclusion for which no response is required. To the extent a response is needed, Acacia denies the allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 contains a legal conclusion for which no response is required. To the extent a response is needed, Acacia denies the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 contains a legal conclusion for which no response is required. To the extent a response is needed, Acacia denies the allegations of Paragraph 14 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Acacia denies that Celltrace is entitled to any of the relief requested in Celltrace's prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

(Mootness)

Acacia and Celltrace are parties to an arbitration before a tribunal of the International Court of Arbitration of the International Chamber of Commerce, Ref. No.: 22402/RD/MK. The tribunal closed the evidentiary record in arbitration on February 13, 2019, before this Court's March 22, 2019 order permitting intervention and docketing Celltrace's Complaint. (Dkt. No. 153.) Because the purpose of Celltrace's Complaint was to obtain sealed court records for use in the arbitration, Acacia alleges that Celltrace's Complaint, and each claim alleged therein, is moot.

## Second Defense

### (Failure to State a Claim)

Acacia alleges that Celltrace's Complaint, and each claim alleged therein, fails to set forth a claim upon which relief may be granted.

## Third Defense

### (Estoppel)

Acacia alleges that Celltrace's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of estoppel.

## Fourth Defense

### (Laches)

Acacia alleges that Celltrace's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of laches.

## Fifth Defense

### (Unclean Hands)

Acacia alleges that Celltrace's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of unclean hands.

## Sixth Defense

### (Waiver)

Acacia alleges that Celltrace's Complaint, and each claim alleged therein, is barred in whole or in part by the doctrine of waiver.

## Seventh Defense

### (Reservation of Rights to Assert Additional Defenses)

The allegations in the Complaint are uncertain and ambiguous. Acacia has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the proceedings.  Acacia further reserves the right to amend this

4

answer and/or defenses accordingly and/or to delete defenses that it determines

through the course of subsequent proceedings are not applicable.


DATED:  April 15, 2019

By: s/ Benjamin B. Lieb
    Benjamin B. Lieb
    TALUS LAW GROUP LLC
    2816 South Adams Street
    Denver, Colorado 80210
    (303) 246-4767
    ben@taluslaw.com

    Marc J. Schneider (CA Bar No. 214609)
    Email:  MSchneider@SYCR.com
    STRADLING YOCCA CARLSON
      & RAUTH, P.C.
    660 Newport Center Dr., Suite 1600
    Newport Beach, CA 92660-6422
    Telephone: (949) 725-4271

    ATTORNEYS FOR INTERVENORS ACACIA
    RESEARCH CORPORATION AND ACACIA
    RESEARCH GROUP

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, a copy of this document was served on all counsel of record using the Court's e-filing system.

*/s/ Amy I. Stotts*
Amy Irene Stotts